UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JON CANADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3093 |
| | ) | |
| JAMES CHRISTOPHER CLAYTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

COLIN STIRLING BRUCE, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. He has paid his partial filing fee.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* When he arrived at the Center in March of 2012, Plaintiff initially refused to room with any other detainees because Plaintiff feared for his safety from "unknown committed predator[s]." (Complaint, ¶ 17.) Defendants Parsons and Kulhan allegedly threatened to make life difficult for Plaintiff if Plaintiff continued to refuse a roommate. After Plaintiff was punished by the Behavior Committee for refusing a roommate,

Plaintiff capitulated and accepted a roommate, but Plaintiff was still disciplined based on his prior refusals.

Defendants Biermann and Clayton allegedly began a campaign of retaliation against Plaintiff for Plaintiff's refusals to accept a roommate and for Plaintiff's complaints and attempts to recruit help for his cause from the outside.  The retaliation took the form of, among other adverse actions, the deprivation of Plaintiff's personal property and the application of excessively tight and painful hand restraints, including a "black box," during transports outside the facility.  The restraints were allegedly so tight that Plaintiff developed severe carpal tunnel syndrome in both hands which required surgery.  Dr. Lochard eventually instructed security not to use the black box on Plaintiff, but Defendants Heller, Ackman, and a John Doe Defendant allegedly ignored this order and applied the black box anyway, causing Plaintiff severe pain and swelling.

## ANALYSIS

Plaintiff, as a civil detainee, is constitutionally entitled to humane conditions of confinement.  <u>Sain v. Wood</u>, 512 F.3d 886 (7th Cir. 2008).  He is also entitled to reasonable protection from

known and substantial risks of serious harm.  Brown v. Budz, 398 F.3d 904, 909-916 (7th Cir. 2005).

Requiring Plaintiff to room with another detainee does not violate Plaintiff's constitutional rights.  *See* Bell v. Wolfish, 441 U.S. 520, 540, 542 (1979)(double-celling pretrial detainees in one-man cell does not alone violate Constitution).  The fact that other detainees are, like Plaintiff, detained pursuant to the Illinois Sexually Violent Persons Commitment Act does not put Plaintiff at a known and substantial risk of serious harm.  *See* Brown v. Budz, 398 F.3d 904, 909, 913 (7th Cir.2005)(generalized risk of violence is not enough to state a failure to protect claim).  Plaintiff had no federal right to refuse to room with another detainee.  Therefore, the punishment for his refusal violates no federal right.

However, Plaintiff does have a qualified First Amendment right to voice his concerns about the conditions of his confinement, and he cannot be retaliated against for doing so.  Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996).  Plaintiff's allegations that he was subjected to excessive restraints and other adverse actions in retaliation for his complaints states a plausible retaliation claim under the Constitution.

Plaintiff also states a claim arising from the alleged excessive restraints. Generally, there is no constitutionally protected liberty interest in avoiding the "black box" restraints or other restraints during transport, even for civil detainees. Miller v. Dobier, 634 F.3d 412, 414-15 (7th Cir. 2011). However, restraints cannot be applied in a manner which intentionally causes the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 320 (1986)(Eighth Amendment excessive force claim by prisoner). Additionally, restraints used on a detainee must be "rationally related to a legitimate non-punitive government purpose" and not "excessive in relation to the purpose they allegedly serve." May v. Sheahan, 226 F.3d 876, 884 (7th Cir. 2000). Plaintiff's allegations allow an inference that his restraints were applied for the purpose of causing Plaintiff to suffer gratuitously, and that, regardless of Defendants' motives, the restraints were excessive in relation to legitimate security concerns.

Plaintiff also states an arguable claim for deliberate indifference to his serious medical needs arising from the use of excessive restraints. Plaintiff alleges that security staff intentionally ignored Dr. Lochard's order that the black box not be used.

Additionally, liberally construing Plaintiff's allegations, Plaintiff seems to be alleging that Defendants stalled Plaintiff's access to Dr. Lochard.  Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000)(guards cannot "'intentionally deny[] or delay[] access to medical care or intentionally interfere[e] with the treatment once prescribed.'")(*quoting* Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  Plaintiff also seems to allege that Dr. Lochard was deliberately indifferent to Plaintiff's serious medical needs by delaying Plaintiff's diagnosis and treatment.  McGee v. Adams, 721 F.3d 474 (7th Cir. 2013)(detainee's constitutional rights are violated by deliberate indifference to detainee's serious medical needs).

The claims stated by Plaintiff identified above will proceed against only Defendants Clayton, Biermann, Heller, Ackman, and Dr. Lochard.  None of the other Defendants are implicated in these claims.  Plaintiff alleges that Defendant Jumper is liable because Jumper was responsible for overseeing the facility's operations.  However, being in charge is not enough to make someone personally responsible for constitutional violations.  Kuhn v. Goodlow, 678 F.3d 552. 556 (7th Cir. 2012)("'An individual cannot be held liable in a § 1983 action unless he caused or participated in

an alleged constitutional deprivation.'")(quoted cite omitted); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . ."). Defendants Jumper, Kulhan, and Parsons are implicated only in the allegations about Plaintiff's refusal of a roommate, allegations which do not state a federal claim. As to Defendant Keller, Plaintiff names Keller as a Defendant but offers no factual allegations against him.

    Plaintiff is advised the "Doe" Defendants cannot be served. Plaintiff must timely identify the name of any Doe Defendants, or they will be dismissed without prejudice. This may be accomplished with discovery requests to Defendants' counsel after Defendants have been served.

**IT IS ORDERED:**

    1.   Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims: 1) retaliation for the exercise of Plaintiff's First Amendment rights; 2)

the application of restraints to Plaintiff which were not "rationally related to a legitimate non-punitive government purpose" and were "excessive in relation to the purpose they allegedly serve"; 3) the application of restraints to Plaintiff for the purpose of causing the unnecessary and wanton infliction of pain; and, 4) deliberate indifference to Plaintiff's serious medical needs.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.    Defendants Jumper, Parsons, Kulhan, and Keller are dismissed, without prejudice, for failure to state a claim against them.  **The clerk is directed to terminate Defendants Jumper, Parsons, Kulhan, and Keller.**

3.    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    4.   The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

    5.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6.   Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is

not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    7.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    8.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    9.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:  12/20/2013

FOR THE COURT:

                                        **Colin Stirling Bruce**
                                        COLIN STIRLING BRUCE
                              UNITED STATES DISTRICT JUDGE